IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Spinelogik, Inc<br><br>    Plaintiff,<br><br>v.<br><br>Genesys Orthopedics Systems, LLC<br><br>    Defendant. | Civil Action No. 2:23-cv-297-JRG-RSP<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| Spinelogik, Inc<br><br>    Plaintiff,<br><br>v.<br><br>Choice Spine, LLC,<br><br>    Defendant. | Civil Action No. 2:23-cv-296-JRG-RSP<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT CHOICE SPINE, LLC'S RENEWED MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) FOR IMPROPER VENUE OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1406**

I.  INTRODUCTION

Plaintiff SpineLogik, Inc. ("SpineLogik" or "Plaintiff") filed its Complaint on June 22, 2023, alleging patent infringement by Choice Spine, LLC ("Choice Spine") ("Defendant"). (Dkt. 1 in Case No. 2:23-cv-296-JRG-RSP – hereafter "Dkt. 1"). In response to the Complaint, Choice Spine filed a Motion to Dismiss based on improper venue. (Dkt. 9 in Case No. 2:23-cv-296-JRG-RSP"). Thereafter, Plaintiff filed an Amended Complaint with amendments related to the venue issue, but clearly misstating facts related to Choice Spine's relationship with this District. (Dkt. 50). Plaintiff's venue allegations are premised on allegations that Defendant maintains a regular

and established business presence in this District and has committed acts of infringement in this District. (Dkt. 50 ¶ 6-21.) Neither of these allegations are true.

Plaintiff cannot establish proper venue over Choice Spine. Choice Spine is, as the Complaint concedes, a Delaware corporation. Also, Choice Spine has never sold any of the accused infringing products in this District. Therefore, Choice Spine has not committed any alleged acts of infringement in this District. Furthermore, Choice Spine does not have a regular and established place of business in this District. Contrary to Plaintiff's assertions, Choice Spine does not maintain any employees, agents, physical locations, distributors, or inventory in this District.[1] In an attempt to establish a regular and established place of business Plaintiff points to an alleged independent Choice Spine distributor/agent in this District, but these allegations are incorrect. Choice Spine does not currently have any distributors or agents located in this District and it did not have any distributors or agents in this District at the time the original Complaint was filed. Accordingly, venue in this Court is improper. The claims against Choice Spine should therefore be dismissed for improper venue under Rule 12(b)(3).

## II.   LEGAL STANDARD

"[T]he Plaintiff bears the burden of establishing proper venue" for a patent infringement action. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Venue is assessed at the time the complaint is filed. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017). Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[A]

---

[1] This motion is supported by the Declaration of Steve Ainsworth, Vice President of Choice Spine, attached hereto as Exhibit 1.

domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). To establish that a corporation has a "regular and established place of business," there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If venue is improper under § 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Whether venue is improper may be assessed based on "well-pleaded facts in a plaintiff's complaint," but the court "may look beyond the complaint when deciding a motion to dismiss based on improper venue" and consider "affidavits or evidence submitted by a defendant in support of its motion to dismiss." *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (stating that under Rule 12(b)(1) and Rule 12(b)(3), a court may look at evidence beyond the facts alleged in the complaint and its attachments).

### III.   ARGUMENT

#### A.   Venue Is Not Proper in this District Under 28 U.S.C. § 1400(b).

Under the applicable statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Venue is not proper in this District because Plaintiff cannot meet its burden to prove that either prong of § 1400(b) is met.

### 1. Choice Spine Does not Reside in this District.

Plaintiff correctly alleges in the Amended Complaint that Choice Spine is a Delaware limited liability company. Dkt. 50 at ¶ 2; Ainsworth Decl. ¶ 2. As noted above, "a domestic corporation 'resides' only in its state of incorporation for purposes of the patent venue statute." *TC Heartland,* 581 U.S. at 262. Accordingly, Choice Spine does not reside in the District, and Plaintiff cannot satisfy its burden to show proper venue under the residency provision of 28 U.S.C. § 1400(b). Therefore, venue is only appropriate in this District if Choice Spine has committed acts of infringement in this District and has a regular and established place of business in this District. Neither is the case.

### 2. Choice Spine Has not Committed Acts of Infringement in this District.

Choice Spine has not committed acts of infringement in this District. In the Complaint, Plaintiff alleges that Choice Spine has committed acts of infringement in this District "by making and using the infringing systems, and preforming at least one step of the accused methods of the Asserted Patents … in this District." (Dkt. 50 at ¶ 7). These assertions are simply untrue. As explained by the attached declaration of Choice Spine's Vice President, no version of the accused Blackhawk product has ever been sold in this District. Ainsworth Decl. ¶ 3. Choice Spine does not have and has never had any customers for the accused product in this District. *Id.* Choice Spine does not currently have and has never had any inventory in this District. *Id.* Choice Spine has not manufactured the accused product in this District. *Id.* Since Choice Spine has not committed any acts of infringement in this District, venue is improper.

Also, because this Motion to Dismiss is supported by a sworn declaration, Plaintiff's allegations in the Complaint that Choice Spine has committed acts of infringement in this District are not entitled to the presumption that they are true. *See EMA Electromechanics, Inc. v. Siemens*

4

*Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *6 (W.D. Tex. Apr. 26, 2022) (Plaintiff's assertions that infringement had occurred in the district not sufficient when controverted by sworn declarations and noting that the trend among circuit courts is to accept well-pleaded facts "only to the extent that such facts are uncontroverted by [a] defendant's affidavit."); *Intirion Corp. v. Coll. Prod.*, No. 6:22-CV-00459-ADA, 2023 WL 2904584, at *3 (W.D. Tex. Apr. 11, 2023) (refusing to accept plaintiff's allegations as true where the allegations were controverted by a sworn declaration from defendant's CEO).

### 3. Choice Spine Does not Maintain a Regular and Established Place of Business in this District.

Additionally, even if Choice Spine had committed acts of infringement in this District, it also does not have a "regular and established place of business" in this District. The Federal Circuit has established "three general requirements" for assessing whether a defendant has a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360 (Fed. Cir. 2017). "All of these requirements must be present" and "[i]f any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* at 1360, 1362.

The first element requires Plaintiff to show that Choice Spine has "a fixed physical location in the district …." *Id*. (quotation omitted). This place must be "'a building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted," but cannot be a mere "virtual space" or "electronic communications from one person to another." *Id*. (quotation omitted). Moreover, the second element demands that this physical location is "regular and established"—"[i]t directs that the place in question must be settled certainly, or fixed permanently." *Id*. at 1363 (quotation omitted). But here, Choice Spine has no physical location in

the District, regular or otherwise. Ainsworth Decl. ¶ 4. It has no office, no employees, and no physical presence at all in the District. *Id*.

Apparently recognizing that Choice Spine does not itself have any presence in this District, Plaintiff attempts to rely on an allegation that Choice Spine has distributors and "customer agents" in this District. *See* Dkt. 50 ¶ 8-20. As explained in Choice Spine's original motion to dismiss, Choice Spine previously had a business relationship with Odyssey Surgical Supply, LLC ("Odyssey"). Ainsworth Decl. ¶ 5. Odyssey was previously an independent sales agent located in this District selling Choice Spine products (among many other company's products). However, Odyssey never sold any of the accused Blackhawk products. *Id.* And more importantly, that relationship was terminated on June 19, 2019. *Id.*, ¶ 8 & Exh. B. Choice Spine provided evidence of this 2019 termination previously, but Plaintiff's Amended Complaint baselessly asserts that Choice Spine's currently has a relationship with Odyssey. Again, this is false. Instead, Choice Spine does not presently have any distributors or agents in this District and it did not have any distributors or agents in this District at the time the original Complaint was filed. Ainsworth Decl. ¶ 9.

As this Court has explained, venue is assessed at the time the complaint is filed. *Pers. Audio,* 280 F. Supp. 3d at 931. "Events occurring prior to the filing of suit are irrelevant" to the venue analysis. *Id.* Therefore, the fact that Choice Spine had a sales agent in this District in 2019 is irrelevant.

Additionally, as the third element makes clear, it is not enough that some other entity have a physical location within the district: "As the statute indicates, it must be a place of the defendant …." *In re Cray*, 871 F.3d at 1363. And while Choice Spine may have previously had a business relationship with a company in this District who sold its products, Choice Spine did not "own[] or

lease[] the place, or exercise[] other attributes of possession or control over the place." Id.; Ainsworth Decl. ¶ 6 & Exh. A. The agreement between Odyssey and Choice Spine is provided herewith and does not include any ownership, lease, or right to control any portion of Odyssey's premises. Accordingly, Odyssey would not have been a Choice Spine place of business in 2019.

In view of the above, Plaintiff fails to meet its burden of proof that Defendant maintains a "regular and established place of business" in this District as is required for venue to be proper. Defendant therefore respectfully requests that the Court dismiss this case.

**B.    Venue is Not Proper in This District Under 28 U.S.C. § 1391**

Plaintiff also alleges that venue is proper under the general venue statute, 28 U.S.C. § 1391. (*See* Dkt. 50 at ¶ 21.) The Supreme Court rejected this basis for venue in patent cases, holding in *TC Heartland* that § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland*, 581 U.S. at 266. The Court should reject this allegation as legally flawed and erroneous in view of *TC Heartland*.

**C.    The Court Should Dismiss This Case, or Alternatively, Transfer Venue to the Eastern District of Tennessee**

If venue is improper under § 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Given the early stage of this case, Defendant respectfully requests that the Court dismiss this case. If the Court instead transfers this case, it should be transferred to the Eastern District of Tennessee. The headquarters for Choice Spine—along with the employees most knowledgeable about the finances, marketing, and engineering and development of the accused technology—are located in Knoxville, Tennessee. Ainsworth Decl. ¶ 2. This location is a "regular and established place of business" of Choice Spine and is within the Eastern District of Tennessee.

7

Accordingly, pursuant to § 1406(a), because this case "could have been brought" in the Eastern District of Tennessee, transfer there is appropriate in the event the Court does not dismiss this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for improper venue, or alternatively, transfer this action to the Eastern District of Tennessee.

Respectfully submitted this 9th day of January, 2024.

LUEDEKA NEELY, P.C.

By: /s/ Michael J. Bradford
Michael J. Bradford, *pro hac vice*
LUEDEKA NEELY, P.C.
P.O. Box 1871
Knoxville, TN  37901-1871
(865) 546-4305
mbradford@luedeka.com

*Attorneys for Defendant, Choice Spine, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Michael J. Bradford
Michael J. Bradford – Counsel for Defendant

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Defendant met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

/s/ Michael J. Bradford
Michael J. Bradford – Counsel for Defendant